Cohn, J.
(dissenting). Appellants, 139 in number, who were members of the International Brotherhood of Papermakers, filed claims with the Referee appointed in a proceeding to dissolve the Diamond Mills Paper Company, Inc., the former employer of appellants, against which appellants had filed claims for additional wages, vacation and holiday pay which accrued during the period January 1, 1945, to October 9, 1945, for the amounts set opposite the names of the respective claimants. Their claims have been disallowed by the Referee and by the Special Term.
On or about December 31, 1944, when a labor agreement between the company and the employees had expired, a dispute arose concerning wages, paid holidays and vacation pay. The company and the employees agreed to submit to the National War Labor Board the matters in dispute. In the meantime, the. *406 employees remained at work. Hearings were held before a hearing officer of the National War Labor Board and on August 29, 1945, he rendered a decision holding that appellants were entitled to certain vacation benefits and that such adjustments should be retroactive to January 1, 1945. By a subsequent decision rendered September 8,1945, the hearing officer resolved the issue dealing with the rates of pay by granting certain wage increases also to be retroactive to the date the dispute arose. An appeal was taken by Diamond Mills Paper Company to the National War Labor Board from the decisions made by the hearing officer.
On October 6,1945, while the application to review.was pending undetermined, appellants went on a general strike due to the failure of the company to comply with the finding of the hearing officer, and four days later Diamond Mills Paper Company sold its plant to another owner. On November 8,1945, the National War Labor Board rendered a decision under which it denied the application of Diamond Mills Paper Company for a review of the prior decisions made by the hearing officer.
The determinations of the hearing officer of the National War Labor Board and of the board were, it is true, merely directory. However, the only fair interpretation of the agreement between the parties and of their conduct pending the decision of the hearing officer who was to consider the dispute between employer and employee is that there was a definite agreement and understanding that all would be bound by the determination of the hearing officer and the National War Labor Board. So the parties, I think, construed the agreement. It would be wholly inequitable and unfair in the circumstances here to deprive these employees of the increases in wages and the other benefits granted by the hearing officer and with whose determination the National War Labor Board declined to interfere. Nor do I think the fact that the action of appellants in going on strike four days before the company sold out, in resentment at the refusal on the part of Diamond Mills Paper Company to make the payments awarded by the hearing officer, should in any way invalidate the wage claims of these employees.
The order confirming the report of the Referee insofar as it disallowed the claims of the 139 appellants who were employees of Diamond Mills Paper Company as awarded to them by the hearing officer in the labor dispute, should be reversed, the order which denied appellants’ motion to be relieved of an inadvertent stipulation made by counsel in the course of the *407 hearing before the Referee should also be reversed, and an order be made directing respondents to amend their account by-making allowance to appellants for the full amounts set opposite their respective names, together with interest thereon from September 8, 1945, the date of the final decision of the hearing arbitrator, and directing that the account, as so amended, be judicially settled.
Glennon, J. P., Dobe and Van Voobhis, JJ., concur in Per Curiam, opinion; Cohn, J., dissents in opinion in which Shientag, J., concurs.
Orders affirmed, with $20 costs and disbursements to the respondents.